UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKY LELAND**, individually and as general guardian of the person and estate of Daniel Gordon Leland, and **CYNTHIA LELAND**, individually and as general guardian of the person and estate of Daniel Gordon Leland, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 16-CV-0142-CVE-FHM |
| **KEVIN R. SHORT**, in his official and individual capacity, **SHELLY HOLMAN**, in her official and individual capacity, and **INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY**, a government entity, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendant Kevin Short's unopposed motion to stay all proceedings until December 31, 2016 (Dkt. # 19). Short asks the Court to stay this civil case due to ongoing criminal proceedings pending against him in state court, and he argues that he would be have to reveal defense strategies for his criminal case or assert his Fifth Amendment right against self-incrimination if he is required to submit to a deposition prior to his criminal trial. Dkt. # 19, at 1, 9. Neither plaintiffs nor other defendants object to Short's motion. Id. at 7.

This suit arises from alleged psychological and physical abuse committed by Short, a teacher at the time, against Daniel Leland, a special needs student at the Tulsa public high school where Short taught. Dkt. # 2, at 1, 3-4. Before this civil case was filed, criminal charges stemming from

the events alleged in the complaint were filed against Short in the District Court for Tulsa County, Oklahoma. Dkt. # 19-1, at 1. Short states that the criminal trial against him is scheduled for October 24, 2016, but he has been informed by the Tulsa County District Attorney's Office that the trial will not occur that week. Dkt. # 19, at 5. Short asserts that he has asked for no continuances in his criminal proceeding, that his defense is prepared to proceed to the jury trial whenever scheduled, and he will ask the Tulsa County District Court for a quick rescheduling of his jury trial when he and his counsel appear before the court on October 24. Id. at 2, 5-6. Short also asserts that he has not participated in any discovery in this civil action, and plaintiffs have informed him that they want to depose Short sometime in October 2016. Id. at 5.

"When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party." Ben Ezra, Weinstein, and Company, Inc. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000) (quoting Span-Eng Assocs. v. Weidner, 771 F.2d 464, 468 (10th Cir. 1985)). When a party asserts that a civil case should be stayed due to parallel criminal proceedings, the Tenth Circuit has provided the following guidance as to when a stay of the civil case is appropriate:

> The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1985); SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375 (D.C. Cir. 1980). When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated. Keating, 45 F.3d at 324. However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Id. at 326. A district court may also stay a civil proceeding in deference to a parallel criminal proceeding for other reasons, such as to prevent either party from taking advantage of broader civil discovery rights or to prevent the exposure of the criminal defense strategy to the prosecution. Dresser, 628 F.2d at 1375-76.

Creative Consumer Concepts, Inc. v. Kreisler, 563 F.3d 1070, 1080 (10th Cir. 2009). When faced with this situation, courts have considered the extent to which the civil and criminal cases overlap, the status of the criminal case, prejudice to the plaintiff if the case is stayed, the interests of the defendant, and the interests of the public and the Court. In re CFS-Related Securities Fraud Litigation, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003).

Short asks the Court to stay these civil proceedings until December 31, 2016 to allow time for his criminal jury trial to be completed. Dkt. # 19, at 1. The Court finds that a short stay is in the interests of justice. First, both the criminal and civil cases stem from the same underlying facts: Short's alleged abusive conduct against Daniel Leland. Dkt. ## 2, at 3-4; 19-1, at 2. Second, the criminal case is ready for trial, and the trial is expected to go forward very soon. Dkt. # 19, at 9. Third, Short would suffer prejudice if he were required to submit to a deposition prior to his jury trial. Short asserts that he would have to reveal defense strategies for his criminal case, or he would be required to assert his Fifth Amendment right against self-incrimination. Id. at 9. Fourth, it is in the public's interest that Short receives a fair opportunity to defend himself in his criminal proceeding. Finally, considering that the stay requested is short in duration and plaintiffs do not object, the interest of plaintiffs in the expeditious resolution of the lawsuit, and the interest of the Court in efficiently proceeding with the civil case, are outweighed by the prejudice Short would suffer if the stay were denied.

**IT IS THEREFORE ORDERED** that defendant Kevin Short's unopposed motion to stay all proceedings until December 31, 2016 (Dkt. # 19) is **granted**.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report no later than January 3, 2017.

**DATED** this 11th day of October, 2016.

                                                        CLAIRE V. EAGAN
                                                      UNITED STATES DISTRICT JUDGE